ALLEN D. FALES, NATURAL FATHER AND LEGAL GUARDIAN AND NEXT FRIEND OF COLTON W. FALES, APPELLANT, V. N. LEON BOOKS, M.D., APPELLEE.
570 N.W. 2d 841

Filed December 12, 1997.   No. S-95-934.

Kent A. Schroeder and Vikki S. Stamm, of Ross, Schroeder, Brauer & Romatzke, for appellant.

Daniel L. Lindstrom and Jeffrey H. Jacobsen, of Jacobsen, Orr, Nelson, Wright, Harder & Lindstrom, P.C., for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, and McCORMACK, JJ.

McCORMACK, J.

We granted appellee Dr. N. Leon Books' petition for further review in this malpractice action brought against him by Allen D. Fales on behalf of his infant son, Colton W. Fales, which alleged that Books was negligent in his use of forceps to assist during the delivery of Colton Fales. The Nebraska Court of Appeals reversed the jury verdict in favor of appellee, concluding that instruction No. 7, which included the "locality rule" that the standard of care was unique to the locality, was reversible error. We agree and affirm the Court of Appeals' decision.

## BACKGROUND

Books, a family practitioner in Broken Bow, Nebraska, provided prenatal care for Vedah Fales and was the attending physician during the birth of Vedah Fales' son, Colton Fales. On April 26, 1992, at approximately 2:40 a.m., Books was informed that Vedah Fales had gone into labor. Colton Fales was born on April 27 at approximately 9:29 p.m.

Vedah Fales experienced a long and difficult delivery. During labor, Books administered Pitocin to increase the force of Vedah

Fales' contractions. An epidural anesthetic was subsequently administered. After Vedah Fales appeared to be unable to adequately push to deliver Colton Fales, Books applied forceps to the head of Colton Fales three times in an attempt to assist in the delivery. Approximately 40 minutes after the final forceps application, Vedah Fales delivered Colton Fales without further assistance. Upon delivery, Colton Fales required resuscitation and suffered a skull fracture as a result of the use of the forceps.

Fales filed a petition in the district court for Custer County, Nebraska, alleging that Books' negligence was the direct and proximate cause of the injuries suffered by Colton Fales during his delivery. Fales alleged that Books was negligent in his use of the forceps and his failure to perform a cesarean section to deliver Colton Fales.

At the conclusion of the testimony, the court held a jury instruction conference with the parties. Fales proffered a proposed instruction regarding the applicable standard of care. The court refused to give this instruction because it did not include the language "a similar practice in a same or similar locality." Instead, the court gave instruction No. 7, which stated: "DUTY OF HEALTH CARE PROVIDER[.] A physician has the duty to possess and use the care, skill, and knowledge ordinarily possessed and used under like circumstances by other physicians engaged in a similar practice in the same or similar localities."

The jury returned a verdict in favor of Books. Fales filed a motion for new trial and a motion for judgment notwithstanding the verdict; later, he filed an amended motion for a new trial. The amended motion for new trial alleged in part that the jury arrived at the verdict as a result of jury misconduct, that the court erred in failing to further instruct the jury when requested to do so, and that the court erred in telling the jury that it would not accept anything less than a 10-to-2 decision. The court overruled both the motion for a new trial and the motion for judgment notwithstanding the verdict. The court also ordered that costs for the discovery deposition taken by Books of Fales' expert, Dr. John Schulte, be taxed to Fales.

The Court of Appeals reversed the judgment and remanded the cause for a new trial, holding that the trial court erred in giving a jury instruction on the standard of care that applied the

"locality" rule. The Court of Appeals found that there was no evidence that a

> particular local standard of care existed with regard to either the delivery of infants or the use of forceps. In fact, Dr. Books himself testified that there was no difference between the local standard of care for the delivery of fetuses and the national standard of care. In short, no issue of fact existed as to whether the local standard differed from the national standard. Both parties agree that the two standards of care are the same.

*Fales v. Books*, 5 Neb. App. 372, 381, 558 N.W.2d 831, 836 (1997).

Therefore, because the trial court included the locality rule in the instructions, the Court of Appeals concluded that the jury was instructed to determine the local standard of care, and this instruction, by implication, may have encouraged the jury to discount the testimony of Fales' expert, Schulte, who was from Kearney and was not practicing in the same or similar locality as Books.

Books then petitioned this court for further review.

## ASSIGNMENT OF ERROR

Books assigns as error the Court of Appeals' determination that the trial court's inclusion of the locality rule in the jury instruction regarding the standard of care of a health care provider was improper and was so prejudicial as to warrant reversal.

## STANDARD OF REVIEW

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Omaha World-Herald v. Dernier, ante* p. 215, 570 N.W.2d 508 (1997); *Union Ins. Co. v. Land and Sky, Inc., ante* p. 184, 568 N.W.2d 908 (1997); *Four R Cattle Co. v. Mullins, ante* p. 133, 570 N.W.2d 813 (1997); *Giese v. Stice*, 252 Neb. 913, 567 N.W.2d 156 (1997).

In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden of showing that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the

appellant was prejudiced by the court's failure to give the tendered instruction. *Traphagan v. Mid-America Traffic Marking*, 251 Neb. 143, 555 N.W.2d 778 (1996); *Kirchner v. Wilson*, 251 Neb. 56, 554 N.W.2d 782 (1996); *State on behalf of Joseph F. v. Rial*, 251 Neb 1, 554 N.W.2d 769 (1996); *Reavis v. Slominski*, 250 Neb 711, 551 N.W.2d 528 (1996).

Jury instructions are subject to the harmless error rule, and an erroneous jury instruction requires reversal only if the error adversely affects the substantial rights of the complaining party. *Hoover v. Burlington Northern RR. Co.*, 251 Neb. 689, 559 N.W.2d 729 (1997); *Sedlak Aerial Spray v. Miller*, 251 Neb. 45, 555 N.W.2d 32 (1996); *Reavis v. Slominski, supra*; *Stephens v. Radium Petroleum Co.*, 250 Neb. 560, 550 N.W.2d 39 (1996); *Farmers & Merchants Bank v. Grams*, 250 Neb. 191, 548 N.W.2d 764 (1996).

## ANALYSIS

In his petition for further review, Books argues that the trial court's inclusion of the locality rule in the jury instruction regarding the standard of care of a health care provider was a correct statement of the law. He further argues that inclusion of the locality rule did not affect a substantial right or unfairly prejudice Fales. The issue, therefore, is whether the trial court should have included the phrase "a similar practice in the same or similar localities" when no evidence was presented that the standard of care with respect to the procedure in the locality where the incident occurred is different than the standard of care applied at the national level.

We first note that Neb. Rev. Stat. § 44-2810 (Reissue 1993) of the Nebraska Hospital-Medical Liability Act specifically provides for use of the locality rule. In the present case, however, Fales specifically pled that Books was not a health care provider as defined by the act, and Books admitted this. Therefore, based on his own admission, Books does not qualify as a health care provider under the act.

We therefore turn to common law to determine the propriety of the district court's inclusion of the locality rule in the jury instruction at issue. Books argues that our case law and Nebraska jury instructions mandate the inclusion of the locality

rule. We disagree. Our case law has been less than clear on the matter. In *Kortus v. Jensen*, 195 Neb. 261, 269, 237 N.W.2d 845, 850 (1976), we stated that "medical standards of care and skill are becoming national, rather than local or regional." We went on to reaffirm the locality rule, stating:

> In performing professional services a doctor who is a specialist must use the skill and knowledge ordinarily possessed and used under like circumstances by members of his specialty in good standing in his or similar localities. . . .
>
> In determining what constitutes reasonable and ordinary care, skill, and diligence on the part of a doctor in a particular community, the test is that which physicians or surgeons in the same neighborhood and in similar communities engaged in the same or similar lines of work would ordinarily exercise for the benefit of their patients.

*Id.* at 268, 237 N.W.2d at 850.

In *Wentling v. Jenny*, 206 Neb. 335, 293 N.W.2d 76 (1980), however, we suggested that the locality rule is not applicable in cases where the standard of care for a particular procedure has become nationalized. In *Wentling*, we held that it was error to exclude an expert witness' testimony solely because the expert did not practice or reside in the same community. We recognized that cancer "is a commonly prevailing disease with common characteristics. If practices within a certain specialty do not vary significantly throughout the country, there is no policy justification for the locality rule." *Id.* at 338, 293 N.W.2d at 78-79.

In malpractice cases, many state courts have applied a standard of care which does not specifically refer to locality, but says a physician is under a duty to use that degree of care and skill which is expected of a reasonably competent practitioner in the same class to which he belongs, acting in the same or similar circumstances. Annot., 99 A.L.R.3d 1133 (1980). The states which use this rule are as follows: Arizona, California, District of Columbia, Florida, Georgia, Iowa, Kentucky, Maine, Maryland, Massachusetts, Missouri, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Texas, Washington, and Wisconsin. *Id.* In Washington, the Supreme Court held that an instruction requiring the same or

similar locality rule was prejudicial error, because there was no lack of opportunity for a physician or surgeon to keep abreast of the advances made in his profession and to be familiar with the latest methods and practices. See *Pederson v. Dumouchel*, 72 Wash. 2d 73, 431 P.2d 973 (1967).

We hold that when the defendant is not a health care provider qualified under the Nebraska Hospital-Medical Liability Act, Neb. Rev. Stat. § 44-2801 et seq. (Reissue 1988, Cum. Supp. 1990 & Supp. 1991), then in such a case, if the evidence adduced at trial supports a conclusion that the local standard of care for a health care provider is the same as the national standard, the phrase "in the same or in similar localities" should not be given as part of the jury instructions. In the present case, the Court of Appeals found no evidence presented that the local standard for delivery of fetuses or use of forceps was any different from that of any other locality. Further, Books himself testified that there was no difference between the local and the national standards of care for the delivery of fetuses.

Having determined that the jury instruction given by the trial court was erroneous, we now attempt to determine if the error was prejudicial or adversely affected the substantial rights of Fales, thereby requiring a reversal. The Court of Appeals found the instruction to be erroneous because it asked the jury to determine whether Books acted in accordance with a standard which the evidence indicated did not exist and because it created prejudice, since the jury could reasonably have been encouraged to discount the testimony of Fales' expert, Schulte, because he was not practicing in the same or similar locality as Books, and to give greater credence to the testimony of Books' expert, Dr. Stuart Embury, because he was practicing in a similar locality. We find this reasoning to be persuasive. See *Fales v. Books*, 5 Neb. App. 372, 558 N.W.2d 831 (1997).

In the absence of evidence of a local standard, or a finding that the local standard differs from the national standard, the jury should have been allowed to consider Books' actions in light of both experts' opinions, without an instruction directing them to favor or discount the opinions based on whether the experts' practice and experience are in the same or a similar locality. Having found the instruction erroneous and prejudicial,

we determine the verdict must be reversed. It is not necessary, therefore, to decide Books' other assignments of error. The decision of the Court of Appeals is affirmed.

## CONCLUSION

Because the jury instruction contained the "locality rule" regarding the appropriate standard of care and no evidence was presented that the local and national standards of care for the delivery of fetuses were different, the trial court erred in giving the instruction. The decision of the Court of Appeals, reversing the trial court's decision and remanding the cause for a new trial, is therefore affirmed.

AFFIRMED.

STEPHAN, J., not participating.