EUGENE J. VESKERNA, APPELLANT, V.
ELWIN E. ERICKSON, APPELLEE.
577 N.W. 2d 736

Filed May 1, 1998.   No. S-97-099.

Lawrence H. Yost and Timothy M. Schulz, of Yost, Schafersman, Yost, Lamme, Hillis & Mitchell, P.C., for appellant.

Christopher M. Ferdico and Randall L. Goyette, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

McCORMACK, J.
This case arises out of an automobile-pedestrian accident which occurred in West Point, Nebraska, in October 1992. The case was tried to a jury, which rendered a verdict in favor of appellee, Elwin E. Erickson. The case arises out of the same set of facts as its unconsolidated companion, *Veskerna v. City of*

*West Point, ante* p. 540, 578 N.W.2d 25 (1998). On our own motion, we removed the matter to this court under our authority to regulate the caseloads of the Nebraska Court of Appeals and this court. We reverse, and remand the cause for a new trial.

## FACTUAL BACKGROUND

Appellant, Eugene J. Veskerna, was in West Point, Nebraska, in October 1992 to view an antique automobile show. The city of West Point had closed Main Street in order to allow it to be used as a pedestrian walkway for the display of vehicles. Barricades were to be used to close Main Street to normal vehicular traffic. Appellee and his wife had traveled to West Point from their home in Lyons, Nebraska, to have dinner. In traveling to the restaurant, appellee was forced to turn onto Main Street due to obstructions blocking alternate routes. Appellee saw no barricades or signs warning him that an auto show was in progress, or that regular traffic was barred from Main Street. Furthermore, the accident took place at approximately 5:22 p.m., raising doubts about whether the auto show was finished; however, there were still a few lingering antique vehicles and pedestrians at the show.

Turning onto Main Street, appellee noticed the antique cars and pedestrians and realized that he should not be driving there. Appellee drove very slowly down Main Street, stopping once to allow pedestrians to cross. Appellee testified that he saw at least one other vehicle traveling on Main Street in the opposite direction. Appellee testified that as he was driving down Main Street, he observed appellant admiring one of the automobiles. Appellee stated that just as the front end of his car passed appellant, appellant stepped back into his car. At the time of the accident, appellant did not see appellee's vehicle. Appellant further stated that it was possible that he backed into appellee's vehicle because his attention was focused on the auto show.

At the close of the evidence, both parties renewed motions for directed verdicts, which were denied. At the jury instruction conference, appellant objected to several of the instructions intended to be given by the court and provided requested instructions. Appellant's objections revolved around his argument that the street was closed to regular vehicular traffic, and

the instructions, in his opinion, did not reflect the uniqueness of the situation. In response to an objection by appellee to an instruction regarding speed, the following dialog was had between the court and counsel:

THE COURT: Well, I think, again, this reflects the law, at least those statutes. This is an unusual case and I think this closely reflects it as it can and it's accurate under the circumstances of this case.

MR. YOST [counsel for appellant]: I agree it's unusual, Judge, and we suggest that unusual cases require unusual instructions, and you're giving us the usual instructions.

THE COURT: In some respects I am; some I'm leaving others out. The ones that fit are being used; the ones that don't apply, I'm not going to create any additional law on this one.

Appellant further objected to the giving of a verdict form which allowed for the jury to use comparative negligence to allocate liability, which objection the court overruled. The jury returned a verdict for appellee using Verdict Form No. 1, which they were instructed to return should appellant fail to meet his burden of proving negligence. Appellant's motion for a new trial was overruled, and he timely appealed to this court.

## ASSIGNMENTS OF ERROR

Consolidated for discussion, appellant assigns that the district court erred in (1) overruling appellant's motion for a directed verdict on the issue of appellee's liability; (2) failing to give the jury appellant's following requested instructions: No. 4, which stated that Main Street had been lawfully closed to motor vehicle traffic and temporarily converted to a pedestrian walkway; No. 5, which stated that as a pedestrian lawfully using Main Street as a walkway, appellant had only a duty to exercise reasonable care for his own safety and had no duty of lookout, control of his body, or right-of-way regarding unauthorized motor vehicle traffic; No. 6, which stated that all drivers shall avoid negligently hitting any pedestrian upon any street and shall give an audible signal when necessary; and No. 7, which stated that if appellee, prior to the accident, had reason to know his vehicle had intruded into a pedestrian walkway or that he was operating his vehicle in a pedestrian area, then at that time,

appellee had a duty to exercise caution, and failure to exercise caution would be negligence; (3) giving the following jury instructions: No. 7, which defines the issues and makes no mention of the area being converted into a pedestrian walkway; No. 10, which stated that a person may assume that every other person will use reasonable care and obey the law until the contrary reasonably appears; No. 11, which stated that negligence is doing something that a reasonably careful person would not do under similar circumstances; No. 12, which stated that drivers are negligent if they do something a reasonably careful driver in the same situation would not have done or failed to do something a reasonably careful driver in the same situation would have done; and No. 13, which defines reasonable care of a driver and also stated that no pedestrian shall suddenly leave a curb or other place of safety, walk, or run into the path of a vehicle, and the right of a pedestrian to use a street is equal to that of the driver; (4) giving the jury Verdict Form No. 3, which provided that the jury could compare the negligence of both parties should both parties carry their burdens of proof; (5) treating this case, through the totality of its instructions, as if this was a usual automobile-pedestrian case despite appellant's allegation of special circumstances; (6) failing to find, as a matter of law, that the street in question had been converted into a pedestrian mall; (7) instructing the jury that a pedestrian already in a place of safety could be guilty of negligence; and (8) overruling appellant's motion for a new trial.

## STANDARD OF REVIEW

When a motion for directed verdict made at the close of all the evidence is overruled by the trial court, appellate review is controlled by the rule that a directed verdict is proper only where reasonable minds cannot differ and can draw but one conclusion from the evidence, and the issues should be decided as a matter of law. *Traphagan v. Mid-America Traffic Marking*, 251 Neb. 143, 555 N.W.2d 778 (1996); *Reavis v. Slominski*, 250 Neb. 711, 551 N.W.2d 528 (1996); *German v. Swanson*, 250 Neb. 690, 553 N.W.2d 724 (1996). To establish reversible error from a court's failure to give a requested instruction, an appellant has the burden of showing that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is

warranted by the evidence, and (3) the appellant was prejudiced by the court's failure to give the tendered instruction. *Tapp v. Blackmore Ranch, Inc., ante* p. 40, 575 N.W.2d 341 (1998); *Walkenhorst v. State*, 253 Neb. 986, 573 N.W.2d 474 (1998); *Fales v. Books*, 253 Neb. 491, 570 N.W.2d 841 (1997); *Kent v. Crocker*, 252 Neb. 462, 562 N.W.2d 833 (1997). Jury instructions are subject to the harmless error rule, and an erroneous jury instruction requires reversal only if the error adversely affects the substantial rights of the complaining party. *Fales v. Books, supra*; *Hoover v. Burlington Northern RR. Co.*, 251 Neb. 689, 559 N.W.2d 729 (1997); *Sedlak Aerial Spray v. Miller*, 251 Neb. 45, 555 N.W.2d 32 (1996).

## ANALYSIS

### DIRECTED VERDICT

Appellant's first assigned error deals with the trial court's failure to direct a verdict in his favor on the issue of liability. Appellant's contention is that the facts of the case clearly show that appellant was a pedestrian rightfully where he should be and that appellee should not have been driving on Main Street. In support of this contention, appellant cites to Neb. Rev. Stat. § 60-6,109 (Reissue 1993) (formerly Neb. Rev. Stat. § 39-644 (Reissue 1988)) for the proposition that "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give an audible signal when necessary . . . ." Appellant contends that this statute, coupled with appellee's testimony that he realized he was driving during the auto show and that he should exit from Main Street, suggest that the district court erred in denying his motion for a directed verdict.

The problem with such an argument is twofold. First, the statute raised by appellant raises a question of fact. It is clearly left to a jury to determine whether, under a given set of facts, an audible signal is necessary. As such, a directed verdict would not be proper without a determination as to the necessity of the audible signal.

Second, although appellant raises evidence which supports his contention that appellee knew he should not be driving on Main Street during the auto show, there was evidence to prevent the direction of a verdict as to liability. Appellee testified that

he saw at least one other vehicle on Main Street while he was traveling on it. There was also a fact question as to whether or not the auto show was completed at the time of this accident. Finally, appellant testified that no barricades warned him of the auto show, nor did any signs instruct him that Main Street was closed to automobile traffic. As such, there was sufficient contradictory evidence that reasonable minds could draw a number of different conclusions, and a directed verdict would not be proper. *Traphagan v. Mid-America Traffic Marking, supra*; *Reavis v. Slominski, supra*; *German v. Swanson, supra*.

## JURY INSTRUCTIONS

Appellant's second and third assigned errors revolve around several jury instructions given by the trial court and objected to by appellant, and the failure of the court to give several of appellant's requested instructions. In reviewing jury instructions, we are mindful that jury instructions are subject to the harmless error rule, and an erroneous jury instruction requires reversal only if the error adversely affects the substantial rights of the complaining party. *Fales v. Books, supra*; *Hoover v. Burlington Northern RR. Co., supra*; *Sedlak Aerial Spray v. Miller, supra*.

Appellant assigns as error the giving of several jury instructions, among which the most problematic are instructions Nos. 7 and 13. Instruction No. 7 states in part:

In defense to the plaintiff's claim, the defendant claims that the plaintiff himself was negligent in one or more of the following ways:

1. He failed to maintain a proper lookout;

2. He failed to exercise reasonable control over his body;

3. He failed to yield the right of way to the defendant.

Instruction No. 13 states in part:

3. No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to stop.

4. Unless otherwise provided by law, the right of pedestrians to use the street is equal to that of drivers. Among other things, this means that both pedestrians and drivers must act as reasonably careful persons would with respect to their own safety and the safety of others.

The above jury instructions were objected to by appellant at the jury instruction conference and form the basis of this appeal. It is appellant's contention that the trial court completely ignored the special circumstances of the case in formulating its instruction to the jury. Even when read in their entirety, the instructions indicate to the jury that appellant had a burden not to place himself in harm's way. Such an inference is not reasonably deducible from the evidence. Appellant clearly had an expectation of safety throughout the entirety of Main Street, due to its conversion to a pedestrian mall on the day in question. Appellant could not reasonably expect to be struck by a vehicle which was not authorized to be in the street at the time of the accident. As such, appellant could not be said to owe a duty to yield the right-of-way to appellee. Instruction No. 7 raises the question of whether appellant yielded the right-of-way to appellee. Appellant, because this was a blocked-off street and had become a pedestrian walkway, had no right-of-way. As to instruction No. 13, that portion stating that no pedestrian shall suddenly leave a curb or place of safety is inapplicable, as appellant was in a place of safety standing in the middle of the auto show. The second portion of this instruction is also erroneous in that appellee did not have an equal right to the use of this blocked-off street. Instructions Nos. 7 and 13 place a duty of reasonable care upon appellant which is improper in light of the evidence adduced at trial.

In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *Sacco v. Carothers*, 253 Neb. 9, 567 N.W.2d 299 (1997); *Dolberg v. Paltani*, 250 Neb. 297, 549 N.W.2d 635 (1996); *Hamernick v. Essex Dodge Ltd.*, 247 Neb. 392, 527 N.W.2d 196 (1995). Based upon the above arguments, appellant has clearly met his burden of showing prejudice in the court's instruction of the jury. As such, appellant has shown prejudicial error meriting reversal. With this in mind, we do not address appellant's remaining assignments of error and reverse the decision of the lower court and remand the cause for a new trial.

## CONCLUSION

Although the trial court properly attempted to tailor its instructions to the evidence that was adduced at trial, the instructions given prejudiced appellant in that they failed to adequately allocate appellee's burden of caution and put too great a duty of care upon appellant. Appellant has clearly met his burden of showing that he was prejudiced by the given instructions and that the cause merits reversal.

REVERSED AND REMANDED FOR A NEW TRIAL.