JEREMY D. PARNELL, APPELLANT, V. MADONNA REHABILITATION HOSPITAL, INC., A NEBRASKA CORPORATION, AND REHABILITATION SPECIALISTS, A DIVISION OF MADONNA REHABILITATION HOSPITAL, APPELLEES.

602 N.W. 2d 461

Filed November 12, 1999.    No. S-98-985.

James D. Carson and Eric W. Kruger, of Rickerson & Kruger, for appellant.

Richard P. Garden, Jr., and John L. Horan, of Cline, Williams, Wright, Johnson & Oldfather, for appellees.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellant, Jeremy D. Parnell, was injured in an automobile accident and treated by the appellees, Madonna Rehabilitation Hospital, Inc. (Madonna), and Rehabilitation Specialists, a division of Madonna. Pursuant to Neb. Rev. Stat. § 52-401 (Reissue 1998), Madonna claimed a lien against settlement money obtained by Parnell as part of a personal injury action related to the accident. Parnell brought suit seeking a determination that the "usual and customary charges" of Madonna and Rehabilitation Specialists were less than what he had been billed. Madonna filed a counterclaim seeking judgment for the amount owed and brought a motion for summary judgment. Parnell sought leave to amend his petition in order to raise the issue of the constitutionality of § 52-401. The district court granted the motion for summary judgment, and Parnell appealed. We conclude that the district court was correct in granting Madonna's motion for summary judgment and did not abuse its discretion in denying Parnell's motion for leave to amend. Accordingly, we affirm.

## BACKGROUND

Following injuries he sustained in an automobile accident, Parnell was admitted to Madonna and received services there for a period of just under 1 year. As a result of the accident, Parnell

incurred total expenses of approximately $90,000, $11,174.56 of which was incurred from his treatment at Madonna and $781 incurred from his treatment by Rehabilitation Specialists. Parnell received a settlement for his injuries in the amount of $800,000. Pursuant to § 52-401, Madonna sent Parnell two notices claiming a hospital lien against him. As part of the settlement, an insurance company sent Parnell two claim checks made out jointly to Parnell and Madonna, and Parnell and Rehabilitation Specialists in the amount of their charges.

Parnell did not deliver the claim checks to Madonna and subsequently began asking his medical care providers if they would accept less than the full amount billed as payment in full. Many providers agreed to a lesser amount, but Madonna would not. Parnell then filed suit against Madonna and Rehabilitation Specialists contending that the amount of the lien claimed by Madonna and the charges made by Rehabilitation Specialists were not "usual and customary charges" because both parties accept less than the full amount billed from some patients, such as those receiving medicaid or workers' compensation benefits. Madonna filed a counterclaim seeking judgment in the amount billed to Parnell. The checks Parnell received from the insurance company were then put in escrow pending the outcome of the lawsuit.

According to an affidavit submitted by Madonna's director of patient accounts, Madonna has one charge for each good or service it provides to its patients and these charges are cataloged in a "Charge Master Description" (CMD). Madonna bills its patients monthly pursuant to the prices set in the CMD and does not bill at different rates according to the ultimate payor of the bill. Madonna receives reimbursement for services rendered to patients who are covered by medicaid, medicare, and workers' compensation. Although Madonna bills such patients according to the CMD, it is typically reimbursed for an amount less than that which is billed. Madonna is required by law to accept the reimbursed amount as payment in full. At the time Parnell received services at Madonna, approximately 59.64 percent of Madonna's patients were covered by medicare and 34.22 percent were covered by commercial insurance. Parnell was not covered by medicaid, medicare, or workers' compensation.

Madonna filed a motion for summary judgment, and a hearing on the motion was held on May 20, 1998. While the court was considering the motion, Parnell filed a motion to postpone the determination of the summary judgment and a motion for leave to amend his petition so that he could allege the unconstitutionality of § 52-401. In support of the motion, Parnell alleged that a recent decision of this court, *In re Conservatorship of Holle*, 254 Neb. 380, 576 N.W.2d 473 (1998), called the constitutionality of § 52-401 into question. *In re Conservatorship of Holle* was released by this court on April 3, 1998. The only reference in *In re Conservatorship of Holle* to the constitutionality of § 52-401 was the following statement: "Neither party has raised the constitutionality of § 52-401, and we therefore will not consider that issue." *Id.* at 384, 576 N.W.2d at 476. The district court concluded that Madonna had a valid hospital lien, granted Madonna's motion for summary judgment, and ordered that the funds in escrow be paid to Madonna.

## ASSIGNMENTS OF ERROR

Parnell assigns that the district erred in (1) denying his motion to postpone determination of summary judgment and for leave to file an amended petition, (2) interpreting "usual and customary charges" in a manner that did not take the amounts actually received by Madonna into consideration, and (3) granting Madonna's motion for summary judgment.

## STANDARD OF REVIEW

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *NECO, Inc. v. Larry Price & Assocs.*, 257 Neb. 323, 597 N.W.2d 602 (1999); *Fackler v. Genetzky*, 257 Neb. 130, 595 N.W.2d 884 (1999).

■ Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Miller v. M.F.S. York/Stormor*, 257

Neb. 100, 595 N.W.2d 878 (1999); *In re Estate of Myers*, 256 Neb. 817, 594 N.W.2d 563 (1999).

■ A decision to grant or deny an amendment to a pleading rests in the discretion of the trial court. *Darrah v. Bryan Memorial Hosp.*, 253 Neb. 710, 571 N.W.2d 783 (1998).

## ANALYSIS

The issue in this case is the interpretation of the phrase "usual and customary charges" in § 52-401. Section 52-401 provides in part:

> Whenever any person employs a physician, nurse, or hospital to perform professional service or services of any nature, in the treatment of or in connection with an injury, and such injured person claims damages from the party causing the injury, such physician, nurse, or hospital, as the case may be, shall have a lien upon any sum awarded the injured person in judgment or obtained by settlement or compromise on the amount due for the *usual and customary charges* of such physician, nurse, or hospital applicable at the times services are performed, except that no such lien shall be valid against anyone coming under the Nebraska Workers' Compensation Act.

(Emphasis supplied.) This court has not previously addressed whether "usual and customary charges" could be something less than the amount that a service provider typically bills patients. Parnell contends that because Madonna often receives less than the full amount of its billings for services provided to patients covered by medicaid, medicare, and workers' compensation, the "usual and customary charges" of the hospital are less than the amount that it bills to patients.

■ In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999); *Central States Found. v. Balka*, 256 Neb. 369, 590 N.W.2d 832 (1999). Section 52-401 plainly states that a lien attaches to "the usual and customary *charges*" of the service provider. (Emphasis supplied.) However, Parnell's interpretation

would require that the amounts actually collected by a service provider be considered instead of the amount charged. Such an interpretation is contrary to the plain language of the statute.

The evidence presented in Madonna's motion for summary judgment shows that Parnell received services from Madonna, obtained a settlement as compensation for his injuries, and was billed by Madonna for the services he received pursuant to a fixed set of charges. Under these circumstances, there is no issue of material fact and Madonna is entitled to judgment as a matter of law. Accordingly, the district court was correct in sustaining Madonna's motion for summary judgment.

Parnell also contends that the district court abused its discretion by not allowing him to amend his petition. Parnell argues that this court questioned the constitutionality of § 52-401 in *In re Conservatorship of Holle*, 254 Neb. 380, 576 N.W.2d 473 (1998), which was released by this court during the time that the motion for summary judgment was pending. Based on *In re Conservatorship of Holle*, Parnell argues that he should have been allowed to amend his petition in order to assert that § 52-401 is unconstitutional.

A decision to grant or deny an amendment to a pleading rests in the discretion of the trial court. *Darrah v. Bryan Memorial Hosp.*, 253 Neb. 710, 571 N.W.2d 783 (1998). Absent some mitigating factor which justifies raising new issues by a party after a motion for summary judgment has been heard and submitted, denying a motion to amend pleadings is not an abuse of discretion. *Id.* Unless evidence or testimony exists in the record indicating that a proposed claim or defense was newly discovered or that counsel was unaware of the claim or defense prior to the pending action, the proposed amendment is merely a belated effort to inject issues of material fact into a proceeding where previously the pleadings revealed none. *Id.*

In the instant case, there was no new discovery of previously unknown facts which made Parnell aware of the possibility of a new claim. Rather, he could have raised the constitutionality of § 52-401 under the same facts found in his original pleading. Further, *In re Conservatorship of Holle* did not call the constitutionality of § 52-401 into question. Rather, it merely stated that we were not considering that issue in that case.

A case is not authority for any point not necessary to be passed on to decide the case or not specifically raised as an issue addressed by the court. *Farmers Union Co-op Ins. Co. v. Allied Prop. & Cas.*, 253 Neb. 177, 569 N.W.2d 436 (1997); *Grammer v. Endicott Clay Products*, 252 Neb. 315, 562 N.W.2d 332 (1997). Under these circumstances, it was not an abuse of discretion for the district court to deny Parnell the opportunity to amend his pleadings. Accordingly, the order of the district court is affirmed.

AFFIRMED.

WRIGHT, J., not participating.