626 P.2d 1113

**BEAUDRY MOTOR COMPANY, INC., an Arizona Corporation, Plaintiff/Appellant,**

v.

**NEW PUEBLO CONSTRUCTORS, INC., an Arizona Corporation, Defendant/Appellee.**

No. 2 CA–CIV 3711.

Court of Appeals of Arizona, Division 2.

Feb. 17, 1981.

Rehearing Denied March 25, 1981.

Review Denied April 14, 1981.

---

Ettinger & Deckter, P. C. by Nathan A. Parkey, Tucson, for plaintiff/appellant.

Fish, Briney, Duffield, Miller, Young & Adamson, P. C. by Richard Duffield, Tucson, for defendant/appellee.

## OPINION

BIRDSALL, Judge.

This appeal is from a judgment in favor of the defendant/appellee against the appellant/plaintiff in a construction contract action regarding a defective roof.

On August 28, 1980, the trial court incorporated into its judgment dated March 20, 1980, findings of fact and conclusions of law. The court found that the plaintiff occupied the subject building on January 12, 1970, that the roof first leaked in July or August 1970, that the roof continued to leak, that plaintiff had actual knowledge of the leaks from their inception and attributed them to bad roofing, that defendant attempted to repair the roof but failed, that in January 1971, defendant abandoned its efforts to repair the roof and disclaimed any further responsibility, and that plaintiff filed its complaint on April 20, 1977. Based on these findings, the trial court, sitting without a jury, concluded that plaintiff's claim was barred by the statute of limitations.

On appeal, both parties agree that A.R.S. Sec. 12–548 applies and that the limitations period is six years. The sole issue on appeal is whether the period began to run at a time which would support the trial court's judgment. Appellant contends the statute was tolled until May 1972, the date of expiration of an alleged two-year express warranty period, or May 1971, when it claims appellee refused to perform warranty work.

Appellee contends that no express warranty was given by or attributable to it and that the latest date from which the statute can run is January 1971, when the court found it had refused to do any more warranty work.

The fact that appellee made efforts to repair the roof when appellant complained of leaks supports the conclusion that both parties believed that appellee was subject to some sort of warranty. However, we need not decide the duration of appellee's warranty or whether it was express or implied since appellee disclaimed its responsibility before the end of any warranty period claimed by appellant.

During the warranty period, appellant had the option to treat any defects in its roof as an immediate breach or to allow appellee an opportunity to remedy the defects. See *Fowler v. A & A Company*, 262 A.2d 344 (D.C.App.1970). As soon as appellee abandoned all efforts to repair the roof and disclaimed all responsibility, however, the appellant no longer had any choice because there was an unequivocal breach. See *Id.*, *Zellen v. Cole*, 183 F.2d 139 (D.C.

Cir.1950). Appellant's cause of action accrued at that moment and the statute of limitations began to run. See *Hawkinson Tire Co. v. Paul E. Hawkinson Co.*, 13 Ariz. App. 343, 476 P.2d 864 (1970), approved 107 Ariz. 255, 485 P.2d 825.

 The trial court specifically found that appellee had abandoned its efforts to repair the roof in January 1971. Appellant argues that appellee did not actually abandon its repair efforts until some time after January 1971. There was conflicting evidence about this issue. When the trial court's findings are based on a reasonable conflict of evidence, they will not be disturbed on appeal. *O'Hern v. Bowling*, 109 Ariz. 90, 505 P.2d 550 (1973). Furthermore, no evidence placed the time of appellee's refusal to repair as late as April 21, 1971, the date which would bring appellant's action commenced on April 20, 1977, within the statute of limitations.

Appellant's contention that the rule in *Gold v. Killen*, 44 Ariz. 29, 33 P.2d 595 (1934), permitted it to treat appellee's breach as ineffective and wait for the end of the alleged two-year warranty period is unfounded. This case is distinguishable from *Gold* which involved a contract that was repudiated by one party when the promises of both parties were still executory. *Gold* relied on the rule governing the situation when one party renounces the contract before full performance has been made by the other. The other party has the option to treat the breach as inoperative and await the happening of an event that would terminate the contract. In *Gold*, tolling the statute was justified because the plaintiff was postponing his performance until the renouncing party's performance was due.

In this case, appellant had performed all its obligations under the contract. Only the appellee's obligations were left to be performed even assuming the existence of warranty. When appellee refused to perform, no part of the contract remained executory so the *Gold* rule is inapposite.

 Alternatively, appellant contends that the statute of limitations was tolled either by the fraudulent concealment of defects by appellee or under the theory of continuous treatment cited in *County of Broome v. Vincent J. Smith, Inc.*, 78 Misc.2d 889, 358 N.Y.S.2d 998 (1974). These theories were not advanced during trial or in the motion for new trial and will not be considered on appeal. See *Williams v. Nall*, 4 Ariz.App. 416, 420 P.2d 988 (1966). Even if they were properly before us, the trial court's findings that the appellee abandoned repair efforts in January 1971, that the leaks were numerous, widespread, substantial and visible, and that appellant attributed them to bad roofing effectively answer these new arguments.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.