James A. Adams, appellant, and Rebecca Z. Adams,
appellee, v. Manchester Park, L.L.C.,
a Nebraska limited liability company,
and Southfork Homes, Inc.,
a Nebraska corporation, appellees.

___ N.W.2d ___

Filed October 23, 2015.    No. S-13-429.

1. **Summary Judgment.** Summary judgment is proper if the pleadings and admissible evidence offered show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.
2. **Limitations of Actions: Breach of Warranty: Contractors and Subcontractors.** Where the basis of a claim is improper workmanship resulting in defective construction, the Neb. Rev. Stat. § 25-223 (Reissue 2008) statute of limitations runs from the date of substantial completion of the project, not the date of any specific act which resulted in the defect.

Petition for further review from the Court of Appeals, Inbody, Chief Judge, and Irwin and Bishop, Judges, on appeal thereto from the District Court for Douglas County, J. Michael Coffey, Judge. Judgment of Court of Appeals reversed, and cause remanded with directions.

James A. Adams, of Law Offices of James A. Adams, P.C., L.L.O., pro se.

Larry E. Welch, Sr., of Welch Law Firm, P.C., for appellee Manchester Park, L.L.C.

Patrick S. Cooper and David J. Substad, of Fraser Stryker, P.C., L.L.O., for appellee Southfork Homes, Inc.

Edward H. Tricker, Jerry L. Pigsley, and Erin L. Ebeler, of Woods & Aitken, L.L.P., for amici curiae AGC Nebraska Chapter and Nebraska Building Chapter of AGC.

HEAVICAN, C.J., WRIGHT, CONNOLLY, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

McCORMACK, J.

NATURE OF CASE

Southfork Homes, Inc. (Southfork), petitioned this court for further review after the Nebraska Court of Appeals found an action brought against it for defective construction of a home was not barred by the applicable statute of limitations. We conclude the Court of Appeals erred, and we reverse, and remand to the Court of Appeals with directions to affirm the judgment of the district court.

BACKGROUND

The underlying facts are fully set forth in the opinion issued by the Court of Appeals.[1] We restate only the most relevant ones here.

In August 2006, James A. Adams and Rebecca Z. Adams, the homeowners, executed a purchase agreement with Southfork for the construction of a new home. The home was to be built on a lot purchased by Southfork in 2004 from Manchester Park, L.L.C. (Manchester), a developer. Manchester had completed grading on the lot in 2003.

The home was substantially completed and a final walk-through inspection occurred on September 19, 2007. On September 20, Southfork issued the homeowners a 1-year limited warranty for material defects in workmanship or materials.

---

[1] *Adams v. Manchester Park*, 22 Neb. App. 525, 855 N.W.2d 819 (2014).

Within 6 months, the homeowners noticed cracks in walls and tiles, roof leaks, and windows that would not open. Southfork told the homeowners that they should wait until the expiration of the 1-year limited warranty to request repairs, and the homeowners did so. Southfork then attempted to make repairs, but the issues persisted.

In December 2009, a specialist hired by the homeowners reported potential issues with the foundation of the home. In July 2011, another specialist hired by the homeowners performed test borings on the soil of the lot and concluded the soil was improperly compacted. On September 22, 2011, the homeowners filed this action against both Southfork and Manchester.

The complaint alleged there was improper workmanship because the soil compaction on the lot was done in a substandard manner, the foundation was improperly installed, and the plans and specifications relating to the earthwork did not meet the Omaha, Nebraska, city code. The complaint specifically alleged that the defendants (1) breached the implied duty to perform in a workmanlike manner, (2) breached the implied warranty of habitability, (3) negligently constructed the home, (4) fraudulently concealed facts which prevented the homeowners from discovering the negligence, and (5) breached the express 1-year limited warranty issued on September 20, 2007.

Southfork and Manchester both moved for summary judgment, asserting the action was barred by the 4-year statute of limitations set forth in Neb. Rev. Stat. § 25-223 (Reissue 2008), which provides:

> Any action to recover damages based on any alleged breach of warranty on improvements to real property or based on any alleged deficiency in the design, planning, supervision, or observation of construction, or construction of an improvement to real property shall be commenced within four years after any alleged act or omission constituting such breach of warranty or deficiency.

If such cause of action is not discovered and could not be reasonably discovered within such four-year period, or within one year preceding the expiration of such four-year period, then the cause of action may be commenced within two years from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier. In no event may any action be commenced to recover damages for an alleged breach of warranty on improvements to real property or deficiency in the design, planning, supervision, or observation of construction, or construction of an improvement to real property more than ten years beyond the time of the act giving rise to the cause of action.

The district court granted summary judgment in favor of both defendants, it determined that the 4-year limitations period began to run in 2003, when the soil on the lot was improperly compacted by Manchester, reasoning that was the alleged act or omission constituting the breach of warranty or deficiency. It then reasoned that because the homeowners did not take possession of the home until September 2007, they could not reasonably have discovered the cause of action within the 4-year period, and thus had 2 years from the date of discovery to file suit. The district court reasoned the homeowners discovered facts that should have put them on notice of the defects no later than September 2008, because they were aware of the roof leaks and wall and tile cracks by that time. It thus held that the statute of limitations ran in September 2010 and that the action filed on September 22, 2011, was untimely.

James appealed, and the Court of Appeals affirmed as to Manchester, finding it had no contractual obligation to the homeowners. But it reversed as to Southfork, finding the action against it was not barred by § 25-223. The Court of Appeals reasoned that the 4-year statute of limitations in § 25-223 did not begin to run in 2003, because at that time, the

homeowners were not "in any position to have any knowledge about the grading completed."[2] Instead, it held that the 4-year period began to run against the homeowners at the expiration of the express 1-year limited warranty issued by Southfork on September 20, 2007, and that thus, the action filed on September 22, 2011, against Southfork was timely. Because the court found the action was filed within the statute of limitations, it did not reach James' assignment of error related to fraudulent concealment.

Southfork petitioned this court for further review. It alleges the Court of Appeals erred in finding the statute of limitations ran from the expiration of the 1-year limited warranty, instead of from the date of substantial completion of the home. An amicus curiae brief filed by the Nebraska Building Chapter of AGC and AGC Nebraska Chapter concurs with Southfork's argument.

## ASSIGNMENTS OF ERROR

In its petition for further review, Southfork assigns, restated and summarized, that the Court of Appeals erred in holding that the statute of limitations began to run on the homeowners' claims at the expiration of the 1-year limited warranty. Southfork asserts that the Court of Appeals should have held that the limitations period began to run from the date the home was substantially completed.

## STANDARD OF REVIEW

[1] Summary judgment is proper if the pleadings and admissible evidence offered show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[3]

---

[2] *Id*. at 534, 855 N.W.2d at 827.

[3] *Kercher v. Board of Regents*, 290 Neb. 428, 860 N.W.2d 398 (2015); *United Gen. Title Ins. Co. v. Malone*, 289 Neb. 1006, 858 N.W.2d 196 (2015).

## ANALYSIS

Section 25-223 is a special statute of limitations governing actions against builders and contractors for improvements to real property.[4] It is applicable here because the homeowners alleged that Southfork (1) breached the implied duty to perform in a workmanlike manner, (2) breached the implied warranty of habitability, (3) negligently constructed the home, (4) fraudulently concealed facts which prevented the homeowners from discovering the negligence, and (5) breached the express 1-year limited warranty issued on September 20, 2007. All of these theories are based on the underlying allegation that improper soil compaction on the lot caused issues with the foundation of the home, resulting in defective construction.

Section 25-223 states that its 4-year limitations period begins upon the "alleged act or omission constituting [the] breach of warranty or deficiency." Here, the specific "act or omission" alleged to have caused the defective condition of the home was the improper soil compaction in 2003. The district court concluded that the 4-year limitation began to run from the 2003 date of soil compaction.

[2] But we have held that where the basis of the claim is improper workmanship resulting in defective construction, the § 25-223 statute of limitations runs from the date of substantial completion of the project, not the date of any specific act which resulted in the defect.[5] In *Witherspoon v. Sides Constr. Co.*,[6] a home suffered damages when a pipe supplying water to it broke. The homeowner brought an action against the builder, and we specifically held that the time limitations of § 25-223 began to run from the date construction of the home

---

[4] *Andres v. McNeil Co.*, 270 Neb. 733, 707 N.W.2d 777 (2005).

[5] See *Witherspoon v. Sides Constr. Co.*, 219 Neb. 117, 362 N.W.2d 35 (1985).

[6] *Id.*

was completed, not from the date when the pipe was installed, because the underlying theory was that the builder failed to erect the home in a good and workmanlike manner. In various other cases, we also have either expressly held or strongly implied that when the claim is improper workmanship, the § 25-223 statute of limitations begins to run from the date the project is substantially completed.[7]

Thus, pursuant to our established precedent, the latest date the 4-year limitations period of § 25-223 commenced in this case was September 19, 2007, the date of substantial completion. Because the lawsuit was not filed until September 22, 2011, it was outside the statute of limitations. And the discovery rule exception in § 25-223 cannot save the action, because it is clear the homeowners knew of the defects in the home no later than December 2009, when they were aware of problems with the foundation of the home. Because this discovery occurred during the first 3 years of the 4-year statute of limitations, the statutory discovery exception cannot apply to them.

The Court of Appeals found that the 1-year limited warranty issued by Southfork to the homeowners on September 20, 2007, extended the 4-year time limitations of § 25-223, and that thus, the limitations period on all of James' claims did not begin to run until the expiration of that warranty. But that holding is at odds with at least one prior opinion of this court. In *Board of Regents v. Lueder Constr. Co*.,[8] a university brought an action for defective construction of a campus building. It specifically alleged that the builder breached its contract by failing to install supporting structures pursuant to specifications and failing to properly install steel reinforcing

---

[7] See *Board of Regents v. Lueder Constr. Co*., 230 Neb. 686, 433 N.W.2d 485 (1988). See, also, *Durre v. Wilkinson Development*, 285 Neb. 880, 830 N.W.2d 72 (2013); *Board of Regents v. Wilscam Mullins Birge*, 230 Neb. 675, 433 N.W.2d 478 (1988).

[8] *Board of Regents v. Lueder Constr. Co., supra* note 7.

bars to floor slabs. Even though the builder had issued a 1-year warranty on the building, we held that the relevant "act or omission" in § 25-223 occurred on the date the construction was substantially completed.[9]

The facts in the instant case are very similar, and we reach the same conclusion here. As noted, in the complaint, the homeowners alleged a breach of the implied duty to perform in a workmanlike manner, a breach of the implied warranty of habitability, negligent construction, fraudulent concealment of material facts, and breach of the 1-year express warranty. The homeowners alleged each of these theories were supported because the soil compaction was improper, resulting in defective construction of the home. The homeowners, like the university in *Lueder & Constr. Co.*, made no claim that Southfork failed to make repairs when requested to do so pursuant to the express warranty. Thus, under the facts of this case, the act or omission which served as the basis for all of the homeowners' claims was the defective construction itself. In such a scenario, the existence of the 1-year express warranty, which was issued in this case after substantial completion of the home, does not extend the § 25-223 statute of limitations as to the homeowners' claims.

Because the Court of Appeals found the action was not barred by the statute of limitations, it did not address the fraudulent concealment claim. In the interest of judicial economy, we address that claim here.[10] We find it without merit as a matter of law. Evidence in the record clearly establishes that Southfork did not conceal any material facts from the homeowners and that the homeowners knew, at least by December 2009, that there were substantial problems with the foundation of the home. This knowledge was sufficient to put them on notice of the underlying construction defects.

---

[9] *Id.*

[10] See, *In re Interest of Jamyia M.*, 281 Neb. 964, 800 N.W.2d 259 (2011); *Capitol Construction v. Skinner*, 279 Neb. 419, 778 N.W.2d 721 (2010).

## CONCLUSION

For the foregoing reasons, we reverse the decision of the Court of Appeals and remand the cause to the Court of Appeals, with directions to affirm the judgment of the district court.

Reversed and remanded with directions.

Stephan, J., not participating.

Connolly, J., concurring.

I agree that Neb. Rev. Stat. § 25-223 (Reissue 2008) bars the Adamses' claims as a matter of law. But a reader might conclude that *all* claims to which § 25-223 applies accrue upon substantial completion. I write separately to preempt any such misconception.

The Adamses' claims of negligence, breach of the implied warranty to perform in a workmanlike manner, and breach of the implied warranty of habitability were based on the defective construction of their house. Because the "breach of warranty or deficiency" which triggered the limitation period in § 25-223 was the defective construction, and a house is constructed when it is substantially completed, the statute of limitations for those claims began running upon substantial completion. That date was September 19, 2007.

The Adamses also alleged that Southfork breached its promise in the 1-year express warranty to construct a house free of material defects. If there were material defects, Southfork breached this promise as soon as it issued the express warranty. We seem to imply that the statute of limitations began to run on the Adamses' express warranty claim on September 19, 2007, even though Southfork did not issue the express warranty until September 20. One wonders if a warranty can be breached before it exists, but the 1-day difference is not material here.

As the Court of Appeals noted, Southfork also promised in the 1-year express warranty to repair or replace "any material defects in workmanship or materials" if the Adamses

gave notice of such defects within 1 year. We correctly note, however, that the Adamses did not allege in their complaint that Southfork breached its promise to repair. This failure was significant.

For an express warranty to make repairs, the "act or omission constituting such breach of warranty" under § 25-223 is the warrantor's failure or refusal to make repairs. Restated, the rule is that a cause of action for the breach of a warranty to repair defects accrues when the defendant fails or refuses to repair defects.[1] So, Southfork breached its promise to repair defects (if it breached its promise) not when it substantially completed the house, but when it failed to make repairs after a timely request by the Adamses.

The Maryland Court of Appeals summarized how a warrantor might breach an express warranty to make repairs:

Had [the builder] simply guaranteed the condition of the property as of the date of closing with a Unit Owner, any breach of that guarantee would necessarily occur at closing . . . . Here, however, [the builder] additionally promised to repair if notified timely. The breach of that covenant to repair does not occur at closing or necessarily when notice is given. Conceptually, the ways in which one who has contracted to repair could breach that contract include repudiating the obligation before any notice is given, or, after being on notice of the defect, failing to undertake the repairs within a reasonable time,

---

[1] See, *Hewitt v. Kirk's Remodeling & Custom Homes*, 49 Kan. App. 2d 506, 310 P.3d 436 (2013); *Feinour v. Ricker Co.*, 255 Ga. App. 651, 566 S.E.2d 396 (2002); *Hersh Companies v. Highline Village Assoc.*, 30 P.3d 221 (Colo. 2001); *Lipscomb v. Chilton*, 793 P.2d 379 (Utah 1990); *Antigua Condominium v. Melba Investors*, 307 Md. 700, 517 A.2d 75 (1986); *Beaudry Motor Co. v. New Pueblo Constructors*, 128 Ariz. 481, 626 P.2d 1113 (Ariz. App. 1981); *Bulova Watch v Celotex Corp*, 46 N.Y.2d 606, 389 N.E.2d 130, 415 N.Y.S.2d 817 (1979); *Fowler v. A. & A. Company*, 262 A.2d 344 (D.C. 1970). See, also, *Snyder v. EMCASCO Ins. Co.*, 259 Neb. 621, 611 N.W.2d 409 (2000).

expressly refusing to repair, or, after undertaking to repair, abandoning the work before completion.[2]

The Adamses did not allege that Southfork breached its promise in the express warranty to repair or replace material defects. All of the claims that they did allege accrued more than 4 years before they filed their complaint. I therefore concur that § 25-223 bars the Adamses' claims as a matter of law.

---

[2] *Antigua Condominium v. Melba Investors*, *supra* note 1, 307 Md. at 715, 517 A.2d at 82-83. See *Ed Miller & Sons, Inc. v. Earl*, 243 Neb. 708, 502 N.W.2d 444 (1993).