Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/05/2021 09:08 AM CST

- 1002 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
FUELBERTH v. HEARTLAND HEATING & AIR CONDITIONING
Cite as 307 Neb. 1002

Troy M. Fuelberth and Julie K. Fuelberth, husband
and wife, appellants, v. Heartland Heating &
Air Conditioning, Inc., a Nebraska
corporation, appellee.

___ N.W.2d ___

Filed December 11, 2020.    No. S-20-178.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

2. ____: ____. An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.

3. **Limitations of Actions: Breach of Warranty: Contractors and Subcontractors.** Where the basis of a claim is improper workmanship resulting in defective construction, the Neb. Rev. Stat. § 25-223 (Reissue 2016) statute of limitations runs from the date of substantial completion of the project, not the date of any specific act which resulted in the defect.

4. **Limitations of Actions.** A cause of action accrues and the statute of limitations begins to run when the aggrieved party has the right to institute and maintain suit.

5. **Actions: Breach of Contract: Limitations of Actions.** If a contract is divisible, breaches of its severable parts give rise to separate causes of action, and the statute of limitations will generally begin to run at the time of each breach. If, however, a contract is indivisible, an action can be maintained on it only when a breach occurs or the contract is in some way terminated, and the statute of limitations will begin to run from that time only.

- 1003 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
FUELBERTH v. HEARTLAND HEATING & AIR CONDITIONING
Cite as 307 Neb. 1002

6. **Contracts.** A contract which in its nature and purpose is susceptible of division and apportionment is divisible and severable.

Appeal from the District Court for Cedar County: James G. Kube and Bryan C. Meismer, Judges. Reversed and remanded for further proceedings.

Allison Rockey Mason and David E. Copple, of Copple, Rockey & Schlecht, P.C., L.L.O., for appellants.

Todd B. Vetter and Luke P. Henderson, of Fitzgerald, Vetter, Temple, Bartell & Henderson, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

Troy M. Fuelberth (Fuelberth) and Julie K. Fuelberth hired Heartland Heating & Air Conditioning, Inc. (Heartland), to design, construct, and install an interior in-floor geothermal system and an exterior icemelt system for a shop building on their farm. The Fuelberths later sued Heartland, alleging that Heartland's work was defective. The Fuelberths now appeal from the district court's entry of summary judgment in favor of Heartland on statute of limitations grounds. Because we find that Heartland was not entitled to summary judgment, we reverse, and remand for further proceedings.

## BACKGROUND

*Parties' Dispute.*

In 2009, the Fuelberths decided to build a shop building on their farm. Fuelberth hired a general contractor to construct the shop building, and he arranged for other contractors to perform various tasks related to the building. Fuelberth selected Heartland to design, construct, and install heating and air conditioning systems. Fuelberth's primary contact at Heartland was Mike Wiederin, a shareholder, officer, and employee of Heartland.

- 1004 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
FUELBERTH v. HEARTLAND HEATING & AIR CONDITIONING
Cite as 307 Neb. 1002

Fuelberth initially contacted Wiederin in 2010. Fuelberth expressed interest in having an interior in-floor geothermal system that would heat and cool the building and an exterior icemelt system that would melt ice off the driveway. After some discussions, Heartland provided Fuelberth with a written estimate for the project.

Heartland, through Wiederin, agreed to design, construct, and install the interior system and the exterior system. The agreement was oral. Heartland thereafter designed, constructed, and installed both systems.

On November 14, 2016, the Fuelberths sued Heartland. In the complaint, they alleged that on or about November 15, 2012, the exterior system failed and that in the summer of 2016, they discovered that the interior system had also failed. The Fuelberths alleged that the failures had occurred as a result of Heartland's defective work. According to the Fuelberths, they faced significant repair and replacement costs as a result of the systems' failures. In their complaint, the Fuelberths alleged two theories of recovery: negligence and breach of an implied warranty of workmanlike performance.

*Summary Judgment.*

After the parties engaged in some discovery, Heartland moved for summary judgment. At a hearing on the motion, Heartland argued that it was entitled to summary judgment on statute of limitations grounds.

In support of its summary judgment motion, Heartland offered Wiederin's deposition in which he testified that both the interior system and the exterior system were completely installed by January 2012. Heartland also offered Fuelberth's deposition. In his deposition, Fuelberth acknowledged that the interior system was "[p]artially" working by January 2012, but he contended that it was not working properly. Fuelberth also testified that the exterior system was not operational until November 2012 when Wiederin came to the property to pour glycol into the system and take other steps to make it

- 1005 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
FUELBERTH v. HEARTLAND HEATING & AIR CONDITIONING
Cite as 307 Neb. 1002

operational. Fuelberth testified that Wiederin performed this work sometime between November 1 and 12, 2012.

The district court entered summary judgment in favor of Heartland. The district court concluded that the Fuelberths' claims were subject to the 4-year statute of limitations set forth in Neb. Rev. Stat. § 25-223 (Reissue 2016) and that, under that statute, the limitations period begins to run upon substantial completion of the project. The district court then analyzed whether there were genuine issues of material fact as to when substantial completion occurred. It did so by considering the interior system and the exterior system separately.

As to the interior system, the district court determined there was no dispute that it was substantially complete by January 2012. Because the Fuelberths' complaint was not filed until November 14, 2016, the district court found that Heartland was entitled to summary judgment on the Fuelberths' claims concerning the interior system.

The district court also found that Heartland was entitled to summary judgment on the Fuelberths' claims concerning the exterior system. Here, the district court, relying on Fuelberth's deposition testimony, concluded that there was no dispute that the exterior system was substantially complete by no later than November 12, 2012. The district court then reasoned that because the Fuelberths filed their complaint more than 4 years after November 12, 2012, their claims as to the exterior system were also barred by the statute of limitations.

The Fuelberths timely appealed.

ASSIGNMENT OF ERROR

The Fuelberths assign three errors on appeal, but they can be effectively restated as one: The district court erred by granting Heartland summary judgment on statute of limitations grounds.

STANDARD OF REVIEW

[1] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence

- 1006 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
FUELBERTH v. HEARTLAND HEATING & AIR CONDITIONING
Cite as 307 Neb. 1002

show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Russell v. Franklin County*, 306 Neb. 546, 946 N.W.2d 648 (2020).

[2] An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Id.*

## ANALYSIS

*Arguments on Appeal.*

The sole issue in this appeal is whether Heartland was entitled to summary judgment on statute of limitations grounds. The parties agree that § 25-223 sets forth the statute of limitations governing the Fuelberths' claims. See *Murphy v. Spelts-Schultz Lumber Co.*, 240 Neb. 275, 481 N.W.2d 422 (1992) (holding that § 25-223 applies to claims concerning negligent construction of improvement on real estate brought against contractors or builders, whether based on negligence or breach of warranty). Section 25-223 provides, in part, as follows:

> Any action to recover damages based on any alleged breach of warranty on improvements to real property or based on any alleged deficiency in the design, planning, supervision, or observation of construction, or construction of an improvement to real property shall be commenced within four years after any alleged act or omission constituting such breach of warranty or deficiency. If such cause of action is not discovered and could not be reasonably discovered within such four-year period, . . . then the cause of action may be commenced within two years from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier.

[3] In *Adams v. Manchester Park*, 291 Neb. 978, 983, 871 N.W.2d 215, 218-19 (2015), we stated that "where the basis of the claim is improper workmanship resulting in defective

- 1007 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
FUELBERTH v. HEARTLAND HEATING & AIR CONDITIONING
Cite as 307 Neb. 1002

construction, the § 25-223 statute of limitations runs from the date of substantial completion of the project, not the date of any specific act which resulted in the defect." Heartland argued in the district court and continues to argue here that the interior system was substantially completed no later than January 31, 2012, and the exterior system was substantially completed no later than November 12, 2012. The district court agreed with Heartland that there was no genuine issue of fact that the respective systems were substantially complete by these dates and granted Heartland summary judgment on this basis.

The Fuelberths argue on appeal that there were genuine issues of material fact as to when substantial completion occurred. While they make separate arguments with respect to both the interior system and the exterior system, they also assert that the systems functioned together and that one system could not be considered substantially complete if the other was not also substantially complete. We begin our analysis with the question of whether the Fuelberths' claims accrued at separate times or whether they accrued on the same substantial completion date.

*One Statute of Limitations Period or Two?*

As noted, we have held that where the basis of a claim is improper workmanship resulting in defective construction, the statute of limitations period under § 25-223 begins to run from the date of substantial completion of the project. In this case, that raises the question of whether the installation of the interior system and the exterior system was one project such that the statute of limitations would begin to run when the entire project was substantially complete or two separate projects such that the statute of limitations on a claim related to improper workmanship in one system would begin to run when that system was substantially complete.

[4] A statute of limitations begins to run as soon as the claim accrues. See *Alston v. Hormel Foods Corp.*, 273 Neb. 422, 730 N.W.2d 376 (2007). A cause of action accrues and

- 1008 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
FUELBERTH v. HEARTLAND HEATING & AIR CONDITIONING
Cite as 307 Neb. 1002

the statute of limitations begins to run when the aggrieved party has the right to institute and maintain suit. *Pennfield Oil Co. v. Winstrom*, 272 Neb. 219, 720 N.W.2d 886 (2006). Accordingly, if the Fuelberths had the right to sue Heartland for defective construction as soon as one system was substantially complete, the statute of limitations on the cause of action related to that system would begin to run before the statute of limitations began to run on a cause of action related to the other system. Alternatively, if the Fuelberths could not institute a suit until the agreed-to work as a whole was substantially complete, a single statute of limitations would begin to run on claims related to defective construction of any part of the project at that point.

[5] Whether the Fuelberths could institute and maintain suit as soon as one system was substantially complete or were required to wait until the substantial completion of the work as a whole depends on whether the agreement between Heartland and the Fuelberths was divisible or indivisible. If a contract is divisible, "breaches of its severable parts give rise to separate causes of action, [and] the statute of limitations will generally begin to run at the time of each breach." 15 Richard A. Lord, A Treatise on the Law of Contracts by Samuel Williston § 45.20 at 403-04 (4th ed. 2014). If, however, a contract is indivisible, "an action can be maintained on it only when a breach occurs or the contract is in some way terminated, and the statute of limitations will begin to run from that time only." *Id.* at 405.

[6] We have previously treated the question of whether a contract was divisible or indivisible as one of fact. See *Honstein Trucking v. Sandhills Beef, Inc.*, 209 Neb. 422, 308 N.W.2d 331 (1981). In an early case, we observed that generally where a contract has several undertakings each supported by distinct consideration, it is divisible. See *Burwell & Ord Irrigation & Power Co. v. Wilson*, 57 Neb. 396, 77 N.W. 762 (1899). More recently, we have indicated that whether a contract is divisible or indivisible is a question of intentions

- 1009 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
FUELBERTH v. HEARTLAND HEATING & AIR CONDITIONING
Cite as 307 Neb. 1002

apparent in the instrument. See *Gaspar v. Flott*, 209 Neb. 260, 307 N.W.2d 500 (1981). In an unambiguous contract, it is to be determined from the language, the subject matter, and the construction placed upon it by the parties in light of the surrounding circumstances. *Id.* "A contract which in its nature and purpose is susceptible of division and apportionment is divisible and severable." *Reichert v. Mulder*, 121 Neb. 11, 14, 235 N.W. 680, 682 (1931). See, also, *Gaspar, supra*.

In this case, there are genuine issues of fact as to whether the agreement between Heartland and the Fuelberths was divisible or indivisible. The subject matter of the agreement was the design and installation of both an interior system and an exterior system, but there was evidence that the parties intended to enter an agreement in which the Fuelberths would pay one sum for all the work Heartland agreed to perform, as opposed to several undertakings supported by distinct consideration. In August 2010, Heartland gave a written estimate of the scope of work to be completed. That written estimate described the project as an installation of floor heating in a shop in various numbered "zones." Those zones included a number of locations in the interior of the shop and another labeled "(7) ICE MELT." The description went on to state that the bid included labor and various specified parts and equipment and totaled $78,000. There is no indication in the written estimate that the Fuelberths had agreed to pay a certain price for the exterior system and another price for the interior system. Further, Fuelberth testified in his deposition that in negotiating the agreement with Heartland, "we didn't change components much, it was like [a] package deal[,] we're going to do this, this is what it's going to cost."

If the parties' agreement was, in fact, indivisible, the Fuelberths' cause of action did not accrue until the entire project was substantially complete. In order to assess Heartland's entitlement to summary judgment, then, we must consider whether there were genuine issues of material fact as to when the project as a whole was substantially complete.

*Substantial Completion.*

We find that a reasonable fact finder could conclude that the project as a whole was not substantially complete until November 12, 2012. Fuelberth testified at his deposition that the exterior system was not operational until sometime between November 1 and 12, 2012, when Wiederin came to the Fuelberths' property to pour glycol into the system and take other steps necessary to ready it for operation.

If the Fuelberths' claims accrued on November 12, 2012, their complaint was timely filed. Although the district court was correct that the Fuelberths filed their complaint more than 4 years after November 12, 2012, it does not inevitably follow that the complaint filed on November 14, 2016, was untimely. A Nebraska statute, Neb. Rev. Stat. § 25-2221 (Reissue 2016), provides a general rule for computing time. We have previously applied this rule in determining whether an action was timely filed under a civil statute of limitations. See *George P. Rose Sodding & Grading Co. v. Dennis*, 195 Neb. 221, 237 N.W.2d 418 (1976). Section 25-2221 provides, in relevant part, as follows:

> Except as may be otherwise more specifically provided, the period of time within which an act is to be done in any action or proceeding shall be computed by excluding the day of the act, event, or default after which the desigated period of time begins to run. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a day during which the offices of courts of record may be legally closed as provided in this section, in which event the period shall run until the end of the next day on which the office will be open.

Under § 25-2221, if the Fuelberths' cause of action accrued on November 12, 2012, the statute of limitations started to run on the following day, November 13, 2012. The last day of the 4-year period as measured from that day would be November 12, 2016. However, November 12, 2016, was a Saturday. Under § 25-2221, then, the period of limitations would run

- 1011 -

Nebraska Supreme Court Advance Sheets
307 Nebraska Reports
FUELBERTH v. HEARTLAND HEATING & AIR CONDITIONING
Cite as 307 Neb. 1002

until the following Monday, November 14, 2016. That is the day on which the Fuelberths filed their complaint.

*Disposition.*

Because a reasonable finder of fact could have concluded that Heartland and the Fuelberths entered into an indivisible contract to design, construct, and install both the interior system and the exterior system and that the entire project was not substantially complete until November 12, 2012, the district court erred by entering summary judgment in favor of Heartland on statute of limitations grounds.

## CONCLUSION

For reasons we have explained, the district court erred by granting summary judgment in favor of Heartland. We thus reverse the district court's grant of summary judgment and remand the cause to the district court for further proceedings.

Reversed and remanded for
further proceedings.