Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/30/2021 09:11 AM CDT

Richard McCaulley, individually and as
Personal Representative of the Estate
of Michelle McCaulley, appellant, v.
C L Enterprises, Inc., a Nebraska
corporation, et al., appellees.

___ N.W.2d ___

Filed May 7, 2021.    No. S-20-075.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.

2. **Pleadings: Judges: Words and Phrases: Appeal and Error.** A district court's denial of a motion for leave to amend a complaint is reviewed for an abuse of discretion. A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.

3. **Limitations of Actions: Negligence: Breach of Warranty: Contractors and Subcontractors.** The limitations period in Neb. Rev. Stat. § 25-223 (Reissue 2016) applies to defective construction claims brought against contractors and builders, whether such claims are based on negligence or breach of warranty.

4. **Limitations of Actions: Contractors and Subcontractors.** When the basis of a claim against a builder or contractor is improper workmanship resulting in defective construction, the statute of limitations under Neb. Rev. Stat. § 25-223 (Reissue 2016) runs from the date of substantial completion of the project, not the date of any specific act which resulted in the defect.

5. \_\_\_\_: \_\_\_\_. Determining when a construction project is substantially complete for purposes of the limitations period under Neb. Rev. Stat. § 25-223 (Reissue 2016) requires consideration of the nature and scope of the agreed-upon project.

6. **Pleadings: Rules of the Supreme Court: Appeal and Error.** When a party seeks leave to amend a pleading, appellate court rules generally require that leave shall be freely given when justice so requires. Denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated.

7. **Pleadings: Summary Judgment: Evidence.** Generally, it is not an abuse of discretion to deny leave to amend when a party seeks to add a new claim or defense after a motion for summary judgment has been heard and submitted, unless evidence or testimony exists in the record indicating the proposed claim or defense was newly discovered or that counsel was previously unaware of the claim.

Appeal from the District Court for Douglas County: W. Russell Bowie III, Judge. Affirmed.

Andrew M. Hollingsead and Michael J. Matukewicz, of Liakos & Matukewicz, L.L.C., for appellant.

Robert D. Mullin, Jr., of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellee Able Plumbing, Inc.

Robert M. Schartz and Julie M. Ryan, of Abrahams, Kaslow & Cassman, L.L.P., for appellee Timberland Hardwood Floors, Inc.

Danny C. Leavitt, of Salerno & Leavitt, for appellee Dan Becker.

Daniel J. Welch, Damien J. Wright, and Daniel McDowell, Senior Certified Law Student, of Welch Law Firm, P.C., for appellee Hardscape Contractors, LLC.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

In this construction defect case brought by homeowners against several contractors, the district court found the home-owners' claims were time barred under Neb. Rev. Stat. § 25-223 (Reissue 2016). The primary question on appeal is whether the 4-year limitations period under § 25-223 began to run on the date each contractor substantially completed its project or on the date the entire home was completed. Because we agree with the district court that the limitations period against each contractor began to run upon the substantial completion of each contractor's project, we affirm.

## BACKGROUND

In approximately November 2006, Richard McCaulley and Michelle McCaulley began construction on a home in Omaha, Nebraska. The McCaulleys acted as their own general con-tractor, and in that capacity, they hired a number of different contractors to perform specific work. As relevant to the issues on appeal, the McCaulleys hired Able Plumbing, Inc., to install sewer lines servicing the property; Affordable Exteriors, Inc., to install exterior masonry and brickwork; Stile Construction Services, LLC (Stile), to install the roof; Timberland Hardwood Floors to install hardwood floors; Dan Becker Construction to install the doors and windows; Senegal Specialty Contracting, LLC, to perform waterproofing and to install drain tile and sump pumps; and Hardscape Contractors, LLC, to construct a retaining wall.

The McCaulleys moved into the home sometime in late February or early March 2008. Approximately 4 years later, on February 7, 2012, they filed this construction defect action in the district court for Douglas County, naming as defendants 12 of the contractors involved in the construction of the home, including the 7 contractors referenced above.

The McCaulleys alleged a separate negligence claim against each of the seven contractors. Specifically, they alleged that each such contractor owed a legal duty to install its "respective

improvements" to the property "in a good and workmanlike manner" and failed to do so. They also alleged a breach of warranty claim against four of the contractors: Able Plumbing, Affordable Exteriors, Stile, and Dan Becker Construction. Specifically, they alleged that each such contractor's work carried with it a warranty the work "would be performed in a good and workmanlike manner, without latent defects, and reasonably fit for the ordinary purposes" for which the specific work was intended. It was alleged that each such contractor breached the warranty, because the McCaulleys discovered "numerous and substantial defects and deficiencies in the installation" work of each. There were no allegations that any of the contractors expressly warrantied their work.

While the case was pending, Michelle died. Her claims have been revived by Richard in his capacity as personal representative of her estate. For ease of reference, this opinion will continue to refer to the plaintiffs/appellants as "the McCaulleys."

At different times during the litigation, each of the seven contractors referenced above filed a motion for summary judgment, arguing the claim against it was barred by the 4-year limitations period under § 25-223. Each of the seven contractors generally argued that the McCaulleys' claim accrued, and the limitations period under § 25-223 began to run, on the date that each contractor substantially completed its work. The McCaulleys did not dispute the dates on which each contractor claimed to have completed its work, but instead argued that the 4-year limitations period did not start to run for any of the seven contractors until the entire home construction project was substantially completed.

In March 2014, the district court granted summary judgment in favor of Timberland Hardwood Floors, Senegal Specialty Contracting, and Hardscape Contractors, generally agreeing that the limitations period for the McCaulleys' claims against these contractors began to run on the dates that each contractor substantially completed its work. After determining the

substantial completion date for each contractor, the district court found the McCaulleys' suit had not been filed within 4 years of such date. The district court also found the discovery rule did not extend the time to file against any of these contractors, and thus, it dismissed the claims against those contractors as time barred. In June 2015, the district court utilized identical reasoning to grant summary judgment in favor of Able Plumbing and Dan Becker Construction.

Similar summary judgment motions were filed by Affordable Exteriors and Stile, and those motions were pending when this court decided *Adams v. Manchester Park*.[1] At the summary judgment hearing in November 2015, the McCaulleys made an oral motion for leave to file a fourth amended complaint, relying on language in the concurring opinion in *Adams* to argue they should be allowed to amend their complaint to allege the breach of an express warranty to repair. Both Affordable Exteriors and Stile objected to the requested amendment, arguing that the McCaulleys had already filed three complaints and that none had alleged the existence, or breach, of an express warranty to repair material defects. The court took the oral motion to amend under advisement.

In an order entered February 11, 2016, the district court granted summary judgment in favor of Affordable Exteriors and Stile, again reasoning that the 4-year limitations period under § 25-223 began to run on the dates each contractor substantially completed its respective work and that the completion dates were more than 4 years before the date on which the McCaulleys filed their lawsuit. The court also denied the McCaulleys' request for leave to file a fourth amended complaint.

After all remaining claims were resolved, the district court entered final judgment, and the McCaulleys timely appealed. We moved the case to our docket on our own motion.

---

[1] *Adams v. Manchester Park*, 291 Neb. 978, 871 N.W.2d 215 (2015).

## ASSIGNMENTS OF ERROR

The McCaulleys assign, restated, that the district court erred in (1) finding their claims against the seven contractors were time barred by § 25-223 and (2) denying their oral motion seeking leave to amend their complaint to add a new claim against Affordable Exteriors and Stile.

## STANDARD OF REVIEW

[1] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[2] An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.[3]

[2] A district court's denial of a motion for leave to amend a complaint is reviewed for an abuse of discretion.[4] A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[5]

## ANALYSIS

### Statute of Limitations

The primary issue on appeal is whether the contractors were entitled to summary judgment on statute of limitations grounds. Given the nature of the McCaulleys' claims against the contractors, all parties agree the applicable statute of limitations is found in § 25-223. That statute provides:

---

[2] *Fuelberth v. Heartland Heating & Air Conditioning*, 307 Neb. 1002, 951 N.W.2d 758 (2020).

[3] *Id.*

[4] *Eagle Partners v. Rook*, 301 Neb. 947, 921 N.W.2d 98 (2018).

[5] *Grothen v. Grothen*, 308 Neb. 28, 952 N.W.2d 650 (2020).

Any action to recover damages based on any alleged breach of warranty on improvements to real property or based on any alleged deficiency in the design, planning, supervision, or observation of construction, or construction of an improvement to real property *shall be commenced within four years after any alleged act or omission constituting such breach of warranty or deficiency.* If such cause of action is not discovered and could not be reasonably discovered within such four-year period, or within one year preceding the expiration of such four-year period, then the cause of action may be commenced within two years from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier. In no event may any action be commenced to recover damages for an alleged breach of warranty on improvements to real property or deficiency in the design, planning, supervision, or observation of construction, or construction of an improvement to real property more than ten years beyond the time of the act giving rise to the cause of action.[6]

[3] We have long held that the limitations period in § 25-223 applies to defective construction claims brought against contractors and builders, whether such claims are based on negligence or breach of warranty.[7] The dispute in this appeal centers on when the 4-year limitations period under § 25-223 began to run as against the contractors.

[4] As a general rule, when the basis of a claim against a builder or contractor "is improper workmanship resulting in defective construction, the § 25-223 statute of limitations runs from the date of substantial completion of the project, not the

---

[6] § 25-223 (emphasis supplied).

[7] See *Fuelberth, supra* note 2, citing *Murphy v. Spelts-Schultz Lumber Co.*, 240 Neb. 275, 481 N.W.2d 422 (1992). See, also, *Adams, supra* note 1; *Witherspoon v. Sides Constr. Co.*, 219 Neb. 117, 362 N.W.2d 35 (1985).

date of any specific act which resulted in the defect."[8] In the instant case, the McCaulleys and the contractors disagree on how to characterize the construction project for purposes of applying this general rule.

The McCaulleys generally contend the project was the construction of their home; as such, they argue the limitations period did not start to run against any contractor until the entire home was substantially completed in late February or early March 2008. The contractors define the project more narrowly. They contend the McCaulleys contracted for separate construction projects with each of the contractors; as such, they argue the limitations period began to run against each contractor on the date that contractor substantially completed its work.

The question presented in this case is one we have not directly considered before: When a homeowner has not contracted with a builder or general contractor to construct the entire home, and instead has entered into separate agreements with individual contractors to construct portions of the home, when does the limitations period under § 25-223 begin to run?

Before addressing that question, we note the McCaulleys do not contend the district court made any error in determining the dates on which each contractor substantially completed its own work, nor do they make any arguments related to the discovery rule, or the statute of repose, under § 25-223. We limit our analysis accordingly.

The plain language of § 25-223 requires that any action must be commenced "within four years after any alleged act or omission constituting such breach of warranty or deficiency." Most of our prior cases applying this language have

---

[8] *Adams, supra* note 1, 291 Neb. at 983, 871 N.W.2d at 218-19. See, also, *Durre v. Wilkinson Development*, 285 Neb. 880, 830 N.W.2d 72 (2013); *Board of Regents v. Lueder Constr. Co.*, 230 Neb. 686, 433 N.W.2d 485 (1988); *Board of Regents v. Wilscam Mullins Birge*, 230 Neb. 675, 433 N.W.2d 478 (1988).

involved claims brought by a homeowner against the home-builder or general contractor, and the alleged act or omission was the builder's and/or general contractor's failure to erect the home in a workmanlike manner.[9] Under those circumstances, we held that the wrongful act or omission of the builder and/or general contractor occurred on the date the home construction was substantially complete, not on the date the defective work was performed.[10] In other words, when a defective construction claim is brought against the home-builder or the general contractor alleging failure to construct the home in a good and workmanlike manner, we generally view the project as the entire home.

More recently, in *Fuelberth v. Heartland Heating & Air Conditioning*,[11] we addressed the application of § 25-223 in a case potentially involving more than one project. There, the property owner entered into an oral agreement with a contractor to design, construct, and install an interior geothermal system that would heat and cool a farm shop building and an exterior system that would melt ice on the building's driveway. Several years later, the owner sued the contractor, alleging both systems had failed due to the contractor's negligence and breach of the implied warranty of workmanlike performance. The contractor successfully moved for summary judgment, arguing the owner's construction defect claims were time barred under § 25-223. On appeal, we considered how the "substantial completion" rule applied when there was evidence

---

[9] See, e.g., *Adams, supra* note 1 (holding when homeowner sues homebuilder alleging defective construction due to improper soil compaction, limitations period begins to run upon substantial completion of home, not upon completion of soil compaction); *Witherspoon, supra* note 7 (holding when homeowner sues general contractor for failure to construct home in workmanlike manner due to subcontractor's installation of faulty pipe, limitations period begins to run upon substantial completion of home, not upon date pipe was installed or broke).

[10] *Id.*

[11] *Fuelberth, supra* note 2.

that the interior and exterior systems were substantially completed at different points in time.

*Fuelberth* recited the general rule that "where the basis of a claim is improper workmanship resulting in defective construction, the statute of limitations period under § 25-223 begins to run from the date of substantial completion of the project."[12] But application of that general rule to the facts in *Fuelberth* required us to determine whether the agreement between the owner and the contractor was divisible. We framed the question as whether the contractor was hired to complete one construction project involving two systems (such that the limitations period did not begin to run until the entire project was substantially complete) or two construction projects involving separate systems (such that a separate limitations period would begin to run when the construction of each system was substantially complete). *Fuelberth* noted that whether the construction agreement between the owner and the contractor was "divisible or indivisible" was a question of fact, and because the evidence on that question was in dispute, summary judgment was not appropriate.[13] We explained:

> Whether the [owner] could institute and maintain suit as soon as one system was substantially complete or [was] required to wait until the substantial completion of the work as a whole depends on whether the agreement [between the owner and the contractor] was divisible or indivisible. If a contract is divisible, breaches of its severable parts give rise to separate causes of action, [and] the statute of limitations will generally begin to run at the time of each breach. . . . If, however, a contract is indivisible, an action can be maintained on it only when a breach occurs or the contract is in some way terminated,

---

[12] *Id.* at 1007, 951 N.W.2d at 762.

[13] *Id.* at 1008, 951 N.W.2d at 762.

and the statute of limitations will begin to run from that time only.[14]

[5] Our opinions illustrate that when applying the general rule that the limitations period under § 25-223 "begins to run from the date of substantial completion of the project,"[15] consideration must be given to the nature and scope of the agreed-upon project.[16]

Here, the evidence was undisputed that the McCaulleys acted as their own general contractor when constructing their home, and they entered into separate agreements with each of the seven contractors to perform a specific project. There was no homebuilder or general contractor responsible for erecting the entire home. And we have been directed to no evidence in the record suggesting that the completion of any contractor's project was necessarily tied to or contingent upon the completion of another contractor's work. Nor is there any genuine dispute over the dates on which any contractor substantially completed its agreed-upon work.

On this record, we conclude the district court correctly found that under § 25-223, the statute of limitations for each of the McCaulleys' claims against the contractors began running on the dates that each contractor substantially completed its respective project. Because it is undisputed that all of those dates were more than 4 years before the date the McCaulleys filed this action, the contractors' motions for summary judgment were properly granted.

## Amendment of Complaint

In their second assignment of error, the McCaulleys argue the district court abused its discretion in denying their oral

---

[14] *Id.* (internal quotation marks and citations omitted).

[15] *Id.* at 1007, 951 N.W.2d at 762.

[16] See, *Fuelberth, supra* note 2; *Adams, supra* note 1; *Witherspoon, supra* note 7.

motion for leave to file a fourth amended complaint to add a claim of breach of warranty to repair. Their request to amend the complaint was made during the hearing on the motions for summary judgment filed by Affordable Exteriors and Stile. We review the district court's denial of leave to amend for an abuse of discretion.[17]

[6] Generally, when a party seeks leave to amend a pleading, our rules require that "'leave shall be freely given when justice so requires.'"[18] In applying this rule, we have explained that the denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated.[19]

Here, the district court denied leave to amend after finding the proposed amendment would be futile and would cause unfair prejudice to the nonmoving parties. Because the proposed fourth amended complaint considered by the court in its ruling is not in our record, we express no opinion on the futility of the proposed amendment. Instead, we focus on whether the record supports denying leave to amend on grounds of undue delay or unfair prejudice,[20] and we conclude it does.

The McCaulleys filed their original complaint in February 2012. They amended their complaint in April 2012 and again in June 2015. All three complaints alleged the seven contractors failed to complete their project in a good and workmanlike manner and were therefore negligent. The third amended complaint added breach of implied warranty claims against

---

[17] *Eagle Partners, supra* note 4.

[18] *InterCall, Inc. v. Egenera, Inc.*, 284 Neb. 801, 811, 824 N.W.2d 12, 21 (2012), quoting Neb. Ct. R. Pldg. § 6-1115(a).

[19] *InterCall, Inc., supra* note 18.

[20] See *Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017) (holding appellate court may affirm lower court ruling on different reasoning).

four of the contractors. Each of the seven contractors, after conducting discovery and preparing its case, moved for summary judgment, asserting the McCaulleys' claim was barred by the § 25-223 statute of limitations.

By October 2015, the district court had granted the motions for summary judgment filed by five of the seven contractors, and only the motions filed by Affordable Exteriors and Stile remained pending. Those defendants appeared at the November 2, 2015, evidentiary hearing on their motions and offered evidence showing why the claims in the operative third amended complaint were time barred. At that hearing, the McCaulleys, for the first time, asked for leave to amend their complaint to add a new claim that the contractors breached an express warranty to repair. While the McCaulleys argue on appeal that they were seeking amendment only with respect to the claims against Affordable Exteriors and Stiles, and not with respect to the five contractors already dismissed, their oral motion was unclear on that issue.

[7] Generally, it is not an abuse of discretion to deny leave to amend when a party seeks leave to amend to add a new claim or defense after a motion for summary judgment has been heard and submitted, unless evidence or testimony exists in the record indicating the proposed claim or defense was newly discovered or that counsel was previously unaware of the claim.[21] Absent such evidence, a request to amend an operative pleading while summary judgment is pending is often just a belated effort to inject issues of material fact into a proceeding where previously the pleadings revealed none.[22]

---

[21] See, *Parnell v. Madonna Rehab. Hosp.*, 258 Neb. 125, 602 N.W.2d 461 (1999); *Darrah v. Bryan Memorial Hosp.*, 253 Neb. 710, 571 N.W.2d 783 (1998). See, also, John P. Lenich, Nebraska Civil Procedure § 15:4 at 701 (2021) ("[a]n explanation for the party's failure to raise the new matter earlier becomes especially important if leave to amend is sought while the court is considering a motion for summary judgment").

[22] See *id.*

The McCaulleys claim the impetus for seeking leave to amend was the concurring opinion in *Adams*.[23] But that concurrence did not recognize any new construction defect claim. Instead, it suggested there may be certain claims, such as a claim for breach of an express warranty to repair, that would not accrue until after the project was complete and the promised repairs had not been made. But since the homeowners in *Adams* had not alleged such a claim, the concurring justice agreed the majority had correctly applied the general rule that the limitations period in § 25-223 begins to run from the date the project is substantially completed. Thus, the *Adams* concurrence did not recognize a new claim or defense of which the McCaulleys would previously have been unaware. Moreover, while the McCaulleys argue they wanted to amend their operative complaint to add the type of claim described by the concurring justice in *Adams*, our appellate record does not contain the proposed amendment, and thus does not permit us to confirm or deny this characterization of the proposed claim.

The record does, however, support the conclusion that the McCaulleys' request for leave to add a new claim was the result of undue delay and would unfairly prejudice the defendant contractors. By the time the McCaulleys sought leave to amend their complaint a fourth time, the litigation had been pending for several years, and five of the contractors had already been granted summary judgment on statute of limitations grounds. Affordable Exteriors and Stile had moved for summary judgment on the same basis and objected to the McCaulleys' request to add a new warranty claim. Further, Affordable Exteriors and Stile were present in court and prepared to offer evidence showing they were entitled to summary judgment based on the allegations in the McCaulleys' operative complaint. This record supports a finding of both undue

---

[23] *Adams, supra* note 1.

delay and unfair prejudice, and we cannot find the district court abused its discretion in refusing to allow the McCaulleys to amend their complaint to add a new claim.

## CONCLUSION

For the foregoing reasons, the district court did not err in finding the McCaulleys' claims against the seven contractors involved in this appeal were time barred as a matter of law under § 25-223. Nor, on this record, did the district court abuse its discretion in denying the McCaulleys leave to amend their complaint to add a new claim. The judgment of the district court is affirmed.

AFFIRMED.

MILLER-LERMAN, J., not participating.